123 P.2d 720

**TOWN OF HOT SPRINGS v. ABLE et al.**

**No. 4640.**

Supreme Court of New Mexico.

Nov. 25, 1941.

Rehearing Denied April 2, 1942.

Edward D. Tittmann, of Hot Springs, for appellants.

Fred Nicholas, of Albuquerque, and Ove E. Overson, of Hot Springs, for appellee.

MOISE, District Judge.

This is an action to foreclose sewer assessment liens brought by the Town of Hot Springs, a municipal corporation, against numerous named defendants. From a decree foreclosing the assessments against some one hundred thirty defendants who appeared in the action this appeal is prosecuted. The remaining defendants were not served in the proceedings below, and were not affected by the decree.

Although twelve assignments of error are stated, only four are argued, which in the language of appellants are as follows:

Proposition I: In order to create a valid lien for assessments, for sewers or other public improvements for the benefit of abutting owners, the statute creating such liens must be strictly complied with in all essential features and provisions, and unless that is done no lien is fastened on the property, and in the case at bar such essential provisions were not complied with wherefor the liens claimed are void.

Proposition II: That the Court had no jurisdiction of the subject-matter either in equity or at law because where a stat-

ute creates a lien and provides a full, adequate and complete remedy, such statutory remedy is exclusive and must be followed.

Proposition III: Attorney fees for collection of sewer liens can not be allowed unless the ordinance or contract contained a provision to that effect.

Proposition IV: The judgment and injunction in the prior suit by John T. McElroy against the Village of Hot Springs which involved the subject matter of the right of the Village to build a sewer under the same law and of the same plan and on the same streets and alleys became res judicata as to the Town of Hot Springs and the Town could not lawfully disregard that judgment.

Principal reliance is placed by appellants on their proposition I quoted above, and upon the fact that it does not appear that after filing proof of publication, the clerk of the Town made a certified copy of the assessments which was delivered to the County Assessor, and that the Assessor did not spread the assessments on the assessment book, as required by Section 90-2304 of New Mexico Compiled Statutes, 1929.

In this connection it should be pointed out that the records of the County Assessor of Sierra County do not indicate any filing of the assessments in his office until July 17, 1939. The proceedings whereby the sewer assessments were levied were conducted in the year 1929 and 1930, and it appears that a document purporting to be a "claim of lien", setting forth the assessments, and signed by the Town Clerk was filed in the office of the County Clerk on August 19, 1930.

The proceedings levying the assessments set forth a certificate dated January 31, 1930, by the then County Assessor to the effect that a certified copy of the assessments had been delivered to him, and duly entered on the assessment book in his office. Also, the proceedings recite, as do the pleadings and decree in this action, that the same were conducted under the provisions of Sections 90-2301 to 90-2311 of the New Mexico Statutes Ann. 1929 Comp.

The Court found in this regard as follows: "That the proceedings herein involved for the construction and establishment of the sewer system in the Town of Hot Springs was commenced, had, and held under and by virtue of the provisions of Sec. 90-2301 to and including 90-2311 of the New Mexico Statutes, Annotated, Compilation of 1929; that the proceedings were irregular in this respect only; that although a certified copy of the assessment for sewer purposes against the benefited property owners was filed and made of record in the Office of the County Clerk and Recorder of Sierra County and thereafter, a copy thereof was certified and delivered to the County Assessor, the said County Assessor has failed and neglected to enter the said assessments in the Assessment Book; that said irregularity is insufficient to affect the validity of the assessment lien."

Appellant asserts that failure by the Assessor to enter the liens on the Assessment book was not an irregularity as concluded by the Court, but was such a defect as invalidated the proceeding, and further argues that filing the same with the Assessor in 1939, ten years later, could not have the effect of curing the defect.

Section 90-2304 of New Mexico Statutes, Annotated, 1929 Compilation, reads as follows:

"Assessments—Entry in Assessment Book—Lien. That any time after proof of publication in the newspaper, as above provided for, said city council or board of trustees shall, unless restrained by process from said district court, direct the clerk of said municipality to make a certified copy of said assessment, and said certified copy shall by said clerk be delivered to the county assessor, or other proper officer directed by law to assess property for municipal purposes, and said assessor or other officer shall enter said assessments in said assessment book with a heading for the same, as follows, to-wit:

"Special assessment for sewers of ............... (naming municipality). And the said assessments from the time of the entry thereof in said assessment book shall be and become liens on the lots and pieces of land, respectively, on which the said assessments have been made, and the full amount of said assessments shall be enforced and collected in the manner provided by law for the collection of taxes against real estate."

The language of this statute is clear, and there is no doubt in our minds that under it no lien could attach until the same had been entered in the assessment book. However, at the time of the imposing of the liens here in issue, the provision of Chapter 106 of the 1923 New Mexico Session Laws were in effect. (Sections 82-301 to 82-305 Inc. of the New Mexico Statutes Annotated, 1929 Compilation).

Under this act provision is made for filing of liens in the Office of the County Clerk, and it is specifically stated in Section 5 thereof (Section 82-305) that the provisions of this act "are intended to afford another and additional method of filing and enforcing municipal liens".

Although the document filed by the Town Clerk with the County Clerk does not conform absolutely with the requirements of Section 82-301, there can be no question that it is a substantial compliance therewith, and gave the notice required thereby.

The Court in finding that the Assessor had failed to enter the assessments in the assessment book, and concluding that it was merely an irregularity which was insufficient to affect the validity of the assessment lien, must have had in mind that although there was no sufficient compliance with Section 90-2304, nevertheless, the lien attached because of substantial compliance with Section 82-301.

This additional method being provided by law at the time of the imposi-

tion of the liens, there can be little question that this would be true, even though the proceedings purported to be held under the provisions of Section 90-2304. There having been compliance with the law then in effect for fixing sewer liens on property, no one is in position to complain that the other method was not complied with.

In view of this disposition of the question it is unnecessary for us to consider whether or not the provisions of Chapter 116 New Mexico Session Laws 1939, in any way affected the questions here involved.

What has been said in connection with the foregoing proposition also disposes of Proposition II, and Proposition III, as the provisions of Chapter 106 New Mexico Session Laws 1923, make specific provision for this procedure and the taxing of attorney fees.

The last assignment of error, denominated Proposition IV, raises the question of whether or not an injunction decree entered against the appellee, Town of Hot Springs, in another proceeding in the year 1928, whereby the Town was enjoined from constructing a sewer then in contemplation, is res judicata as to said Town's right to construct a sewer and levy the assessments here sued upon. It is clear from the record that the proceedings for the construction of the present sewer were commenced after the termination of the injunction proceeding, and that that proceeding enjoined the con-

struction of another and different sewer system. Also, from the language of the order, it is clear that it only purported to enjoin further proceeding to construct the sewer then contemplated and did not purport to forever enjoin the construction of a sewer in Hot Springs, as indeed it could not.

In view of what has been said, it follows that the errors complained of are without merit, and that the action of the District Court should be affirmed, and the cause remanded for such further proceedings as provided by law, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and BICKLEY, JJ., concur.